NATHAN E. BABBITT & others *vs.* THE SELECTMEN OF SAVOY.

It is competent to the inhabitants of a town, to take upon themselves the expenses of a suit against their agent or servant, in which the interests of the town are directly involved.

THIS was a proceeding under the statute of 1847, *c.* 37 § 1, to restrain the respondents from the expenditure of money, alleged by the petitioners to have been appropriated by the town of Savoy for an illegal purpose.

The petition was as follows: —

" The subscribers, inhabitants of Savoy, not less than ten, and liable to be taxed in said town, represent, that, on March 8th, 1847, the inhabitants of said town, in town meeting

assembled, chose Orrin Perkins, Silas T. Bourne, and Charles R. Dunham, a school committee for the ensuing year ; that at another meeting of said inhabitants, on the first Monday in April following, said inhabitants voted to excuse said Dunham from serving on said committee, and then chose Nathan E. Babbitt to supply the vacancy in said committee ; that at another meeting of said inhabitants, on May 12th, in said year, said inhabitants voted that Nathan Weston, Caleb Bowen, and Nathan E. Babbitt, be the school committee for said town for said ensuing year ; that the article in the warrant calling said meeting, and upon which said vote was predicated, was as follows, viz. : " To choose two examining school committee in the place of them vacated by moving out of town ; " that at said last mentioned meeting, said inhabitants voted that the selectmen of the town of Savoy notify Orrin Perkins and said Silas T. Bourne, that their services are not required as school committee the year ensuing, and that others are chosen in their places ; that afterwards, in the month of June in said year, an action of trespass was commenced against said Nathan Weston and Caleb Bowen before a justice of the peace for said county, in which said Weston and Bowen were charged, among other things, with the seizure and asportation of certain registers required by law to be kept in school districts, in said town, in which action said Silas T. Bourne, and said Orrin Perkins were plaintiffs ; and said action having been heard and determined by said justice, it was adjudged that said plaintiffs recover of said defendants three dollars damages and costs of suit ; from which judgment defendants appealed to the court of common pleas next to be holden for said county. Said action was duly entered, and is still pending in said court. At another meeting of said inhabitants, July 20th, in the year aforesaid, duly called, the following vote was passed : " Voted, that the town continue the case in the law commenced by Silas T. Bourne and others against Nathan Weston and Caleb Bowen, as school committee, and the town pay the expenses and see Nathan Weston and Caleb Bowen harmless."

" The petitioners aver, that they believe that the selectmen of said Savoy, unless prevented by this court, will make such order or orders as will obtain from the treasury of said town such sums as may be required to accomplish the purpose of said vote, and that the treasurer, Ward C. White, unless prevented, will receive and pay such orders. Whereupon, the petitioners pray for an injunction against the selectmen of said Savoy, to prevent any such orders or purpose, and for such further relief in the premises as is proper."

The defendants demurred.

*J. D. Colt,* for the respondents.

*J. C. Wolcott,* for the petitioners.

FLETCHER, J. This is a petition of not less than ten of the inhabitants of Savoy, liable to be taxed therein, in accordance with the provisions of the statute of 1847, *c.* 37, § 1. The petition alleges, that at a town meeting on the 12th of May, 1847, Nathan Weston and Caleb Bowen were chosen members of the school committee ; that, in the month of June, in the same year, an action of trespass was instituted against Weston and Bowen, for taking certain school registers required by law to be kept in the school districts ; and that in July following the town voted to pay the expenses of this suit, and to save the defendants harmless.

The petition then states, that the petitioners believe, that the selectmen will apply the money of the town in accordance with the above vote ; and the prayer of the petition is, that the selectmen may be enjoined and restrained from applying the money of the town according to the vote and direction of the town. To this there is a general demurrer. The petition proceeds on the ground, that the town cannot lawfully appropriate their money for the object specified in the vote.

It appears from the petition, that the acts done by the committee, for which the suit against them was instituted, were done by them in their official capacity, acting in behalf of the town, and so far as appears, acting fairly and properly and in a matter in which the town had a direct and important

Babbitt & others *v.* Savoy.

interest.   The simple question, then, is, whether a town can take upon themselves the expenses of a suit against their servant, in which the interest of the town is directly involved.

It is difficult to see, why a town may not be at expense to take care of their interests involved in a suit in which their servant is made a party, as well as incur expenses to protect their interests in a suit where the town are themselves a party. The town may, by statute, raise and expend money for the support of schools, and for all necessary expenses arising in the town.   The expenses of protecting their interests, involved in a suit at law, are surely a necessary expense.   The adjudged cases certainly justify towns in appropriating money in cases much stronger than the present.   When the servants of the town have made mistakes, which have rendered them liable at law, it has been held legal and proper for the town to meet the expense.   The servants of the town, acting fairly and faithfully, have been held clearly entitled to the protection of the town.

In the present case, the proper keeping of the school register was a matter in which the town had a direct pecuniary interest.   The keeping of the register was the matter involved in the suit.   In taking upon themselves the expense of the suit, the town were acting with direct reference to their own interest and duty, and the expense may as properly be called a necessary expense, as if it were incurred in a suit against the town themselves.   Suppose a suit against the collector or other officer of the town, the result of which might be to take money directly from the treasury of the town, would the town be prohibited from taking charge of the suit and taking care of their own interests, simply because the town themselves, in their corporate capacity, were not a party?

The duty of sustaining schools, and the duty of seeing that the laws, in regard to the keeping of the school registers, are duly observed and complied with, are duties imposed on the town, and in the performance of which the town has a direct interest.   In the question involved in the action of trespass, the town themselves were clearly the principal party in interest.

45*

If it were the subject of inquiry in that suit, who were the lawful school committee entitled to the custody of the registers, the town themselves surely were the party most deeply interested in this inquiry. It would be strange, indeed, if the town were obliged to stand by and look on as an indifferent spectator, and could legally take no part in a suit in which they were themselves the principal party in interest.

The present is one of the clearest and plainest cases, that could be put, of the right of a town to apply their money to protect their interests and perform their duties. The demurrer, therefore, is allowed, and the injunction prayed for denied.